LOTTINGER, Judge.
This matter is before the Court on claimant’s petition for Judicial review of two decisions of the Louisiana Board of Review of the Division of Employment Security, Department of Labor of the State of Louisiana. It involves the claims of John G. Bean and Ralph L. Bean for benefits under the Louisiana Employment Security Law, LSA-R.S. 23:1471 et scq. The record shows that both of the claimants were employed by Motion Picture Advertising Service Company, Inc., as salesmen. Each received a commission of 15'% on sales, and each was to pay his own expenses out of the said commission. The employer required claimants to' each file an affidavit of expenses every week during the period of employment.
After termination of their employment on September 14, 1956, each of the claimants, who were residents of the State of New Hampshire, filed interstate claims against the Louisiana Division of Employment Security for benefits under the Louisiana Employment Security Law, LSA-R.S. 23:1471 et seq. The Louisiana Agency ruled against both of the claimants, determining that after the deduction of traveling and other business expenses the wages earned by claimants were not sufficient to entitle them to benefits. The Appeals Referee reversed the ruling of the Agency, and the Board of Review affirmed the action of the Referee. The District Court affirmed the decision of the Board of Review, and the employer has appealed to this Court.
The question for determination is whether or not under the Act the travel and other expenses of the claimants should be deducted from their total commissions in order to determine their wages. LSA-R.S. 23:1472(20) (A) provides as follows:
“ ‘Wages’ means all remuneration for services, including commissions and bonuses and the cash value of all remuneration in any medium other than cash. The reasonable cash value of remuneration in any medium other than cash shall be estimated and determined in accordance with rules prescribed by the administrator.”
LSA-R.S. 23:1472(12) (G) provides as follows:
“Notwithstanding any of the other provisions of this Sub-section, services shall be deemed to be in employment if, with respect to such services, a tax is required to be paid under any federal law imposing a tax against which credit may be taken for contributions required to be paid into a state unemployment compensation fund.”
The employer contends that “wages” means all remunerations received exclusive of expenses and cites in support thereof the holdings of the Internal Revenue Service of the U. S. Treasury Department, as well as holdings thereunder, and claims that wages should be determined in the same manner as is done for purposes of income taxes.
The Commissioner of Labor of the State of Louisiana has rendered the following interpretation of the Act in question:
“An allowance for, or reimbursement of, expenses actually incurred and accounted for by the employee to the employer, which does not represent directly or indirectly additional remuneration, is not included as wages. Amounts paid to an employee as expenses which are not separately accounted for by an employee to his employer are included as wages. Where an employee must pay expenses incurred by him in the business of his employer out of his commissions or salary and such expenses are not accounted for separately to the employer, the entire amount of the commissions or salary is to be included as wages.— Commissioner’s Interpretation, Part III (10), November 10, 1936.” See CCH *458 Unemployment Insurance Reporter, Vol. 1A, page 21,107.
This interpretation leads to the inescapable conclusion that where the employee must pay his own business expenses out of his commission, and such expenses are accounted for separately to the employer, only that amount of the commissions or salary which exceeds the expenses accounted for are to be included in wages. It is shown by the record that for several years the Agency has been using the procedure of collecting taxes only on the balance left after deducting the certified expenses from the commissions paid to the (employee. In State v. Comptoir National D’Escompte de Paris, 51 La.Ann. 1272, 26 So. 91, the Louisiana Supreme Court held that contemporaneous construction of a statute by those charged with its execution should not be disregarded except for cogent reasons, and unless it be clear that such construction was erroneous. The Court stated that this was particularly true when the changed construction would operate retroactively and would impose undue hardship upon the party involved. Under the holding of the Lower Court it would heeome necessary for the Agency to collect additional taxes for past years from many ■employers. It would also entail the change of policy as to the Agency as it presently operates.
It certainly appears to this Court that the term “wages” would not include validly incurred expenses which the Agency requires be submitted in duly certified iorm. We feel to hold otherwise would entail undue hardship to certain businesses which operate on a commission basis, out of which commission the employee pays his own business expenses.
The Courts of other jurisdiction have held that “remuneration for services” as provided in the Act, does not include bonafide expenses. Panther Creek Mines, Inc. v. Murphy, 390 Ill. 23, 60 N.E.2d 217; Shelley v. National Carbon Company, 285 Ky. 502, 148 S.W.2d 686, 687. The Acts’ in question in these cases were similar in verbiage to the Louisiana Act, and of course we are not bound by the decisions in such cases, however, we feel that it is appropriate for us to consider their holdings.
We feel that the interpretation of the Commissioner of Labor of November 10, 1936, to the effect that the expenses should be deducted in computing wages is correct. This interpretation has been in effect for over twenty years, and we feel that it is consistent with the provisions of the Act in question.
For the reasons assigned, the decision of the Lower Court will be reversed and set aside.
Judgment reversed.