# 372

544 P.2d 1142

**DEPARTMENT OF EMPLOYMENT,**
Plaintiff-Respondent,

v.

**KASUM COMMUNICATIONS, Defendant-**
Appellant.

No. 11606.

Supreme Court of Idaho.

Jan. 20, 1976.

Michael G. Brady of Moffatt, Thomas, Barrett & Blanton, Boise, for defendant-appellant.

R. LaVar Marsh, Asst. Atty. Gen., Raymond N. Malouf, Asst. Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Kasum Communications, Inc. (hereinafter "Kasum"), appealed to this court from an order of the Industrial Commission holding that the entire amount of the commissions which Kasum paid its collectors of delinquent accounts was wages for unemployment insurance purposes. We reverse.

Kasum engages in the business of composing, producing, and selling commercial advertising and publishing periodicals of various types. The appellant employs collectors to collect delinquent accounts receivable. The written employment contract between Kasum and each collector provides for a compensation of nine percent of the gross amount collected on the accounts assigned to that employee. The contract provides that the commission includes the reasonable business expenses which the employee incurs in collecting the delinquent accounts. The agreement finally specifies that the collector is to file weekly expense reports on forms and pursuant to guidelines provided by Kasum. If the collector does not file a weekly expense report, the employment contract provides that Kasum can treat the entire commission for the week as income to the collector and can make all deductions from the week's commission on that basis.

The appellant also had adopted a procedure manual, portions of which elaborate upon the business expenses of the collectors. Referring to the business expenses contemplated in the employment contract, the manual directs a weekly report of daily travel expenses, for tax purposes, and specifies the types of expenses which a collector can record and submit on such a weekly report. The travel expenses include lodging, meals, tips, parking, bridge and road tolls, taxi and auto rental fees, telephone calls, and business mileage at the rate of nine cents per mile. The manual continues: "Total expenses approved will be deducted from your gross earnings and federal income tax payable will be calculated on the remaining balance. Such expenses are not reimbursable; this report as stated above, is for tax purposes only." By characterizing these weekly business

expenses as not being reimbursable, the procedure manual distinguishes them from a second group of business expenses which are submitted monthly and are reimbursable over and above the nine percent commission. These reimbursable expenses include postage required to mail business-related material, money orders and cashier check fees, supplies, maps, and mileage in excess of 500 miles when a collector travels between assignments. Only the weekly reports are at issue in this case; the monthly expense vouchers are not.

When a collector submits a weekly travel expense report, Kasum deducts the amount of the expenses from the collector's gross commissions, and then computes the various withholding items, such as taxes and social security contributions, on the balance. Employment security contributions also are computed and paid the Department of Employment on the balance. The collector then is paid the commission less the various payroll deductions. The collector is paid by a single check, and the amounts of the commissions, deductions, and expenses are separately identified and itemized by the appellant at that time.

The Department of Employment issued a determination which held that the total amount of commissions, including the amount reported on weekly expense reports, must be considered wages for unemployment insurance purposes. The In-

dustrial Commission affirmed the decision of its Referee and the Appeals Examiner of the Department of Employment, ordering and adjudging that the entire commission must be considered wages for employment security contributions.

The concept of "wages" furnishes the basis for the operation of the Idaho Employment Security Law. The employment security tax is a percentage of the wages paid by the employer during each calendar year. I.C. §§ 72–1349––1351. Previous wages also determine the amount of benefits which an employee will receive when unemployed. I.C. §§ 72–1366, 1367. The Idaho Code defines wages to include "all remuneration for personal services from whatever source, including commissions * * *." I.C. § 72–1328(a). Wages do not include the amounts paid to employees as allowance or reimbursement for reasonable and ordinary expenses actually incurred in the business of the employer and accounted for by the employee in an itemized statement to the employer, when the employer's records clearly differentiate between the employee's wages and the business expenses. Idaho Department of Employment, Employer Accounts Policy and Procedure Manual, Part I, 1100A.7. (1966); [1] Idaho Industrial Accident Board, Interpretations Relating to Idaho Unemployment Compensation Law 16(C)c (1936).[2] The provisions of the Idaho Em-

---

[1]. Idaho Department of Employment, Employer Accounts Policy and Procedure Manual, Part I, 1100A.7. (1966), provides:

"*Travel and Other Business Expenses.* Monies paid to employees to cover business expenses actually paid or incurred in the conduct of the employer's business will not be regarded as taxable wages providing: (1) the amount of money paid to the employee represents the amount of expenses actually paid or incurred; (2) the employee makes an itemized statement to the employer regarding the amount and nature of each business expense; (3) the expenses were reasonable and ordinary and necessarily incurred in conduct of the employer's business; and (4) the employer's records clearly differentiate between the employee's business expenses and wages.

In the event the employee receives a flat expense amount regardless of the business expenses encountered, the excess of the amount over the actual expenses paid or incurred must be reported as taxable wages unless that amount is returned to the employer. Allowances in expense payments for purely personal reasons such as non-essential travel of the employee's spouse, personal communications, and personal rent or clothing allowances must be regarded as taxable wages."

[2]. Idaho Industrial Accident Board, Interpretations Relating to Idaho Unemployment Compensation Law 16(C)c (1936), provides:

"*Traveling and other expenses.*—Amounts paid to traveling salesmen or other employees as allowance or reimbursement for

ployment Security Law also are based upon and intimately connected with the provisions of related Federal laws. I.C. § 72–1302(b). Federal regulations enunciate essentially the same requirements for an expense deduction from gross commissions in computing wages for employment tax purposes. Rev.Rul. 55–196, 1955–1 Cum.Bull. 492;[3] Employment Tax Regulations, 26 C.F.R. § 31.3401(a)–1(b)(2).[4]

The employment arrangement between Kasum and its collectors meets the state and federal regulatory requirements for the expense payments to be deducted from the total commission in calculating the wages upon which the appellant is·to pay the employment security tax. The employment contract between the appellant and its collectors specifically indicates that some

portion of the employee's gross commission will be considered reimbursement for business expenses, when computing the employee's withholding, social security, and unemployment taxes. The amount deducted when Kasum computes those taxes represents the reasonable expenses actually, ordinarily, and necessarily incurred in the conduct of Kasum's business. Finally, the stubs of the collector's commission checks specifically differentiate between the amounts for business expenses and wages.

The conclusion that a collector's wages do not include the amount of the commission attributable to expenses finds support in decisions of other states. In *Motion Pictures Advertising Service Co. v. Sharp,* 101 So.2d 456 (La.Ct.App., 1958), the identical issue concerning the computation of

---

traveling or other expenses incurred in the business of the employer constitute wages only to the extent of the excess of such amounts over such expenses actually incurred and accounted for by the employee."

3. Rev.Rul. 55–196, 1955–1 Cum.Bull. 492, provides:
" * * * [T]he wages of a traveling salesman, who is paid on a straight commission basis, are the gross commissions paid tó him minus any amounts paid specifically as advances or reimbursements for traveling and other bona wide ordinary and necessary expenses incurred in the business of his employer. Generally, where the employer's liability to the traveling salesman is limited to the gross commissions earned, no payment or portion thereof is considered to be an advance or reimbursement for expenses. However, if under the arrangements between the traveling salesman and his employer there exists an express or implied agreement or undertanding that some part of the traveling salesman's gross commissions is to be considered either (a) an allowance toward expenses to be incurred in the business of the employer, or (b) a reimbursement for expenses previously incurred by the traveling salesman in the business of the employer, the difference between the gross commissions and the allowances or reimbursements for expenses constitutes the wages to be reported as subject to the Federal employment taxes and to income tax withholding under section 1622 of the Code provided, of course, proper identification is made at the time of payment.

"A provision in an oral or written contract of employment or in a collateral agreement, to the effect that any payments made or advanced against earned commissions are first to be applied to reimburse the traveling salesman for traveling or other bona fide ordinary and necessary expenses, will satisfy the first requirement of the regulations. It is further necessary, however, that the portion thereof which represents reimbursement for expenses be properly identified at the time of payment. Where both requirements are met, the portion which represents reimbursement for expenses does not constitute wages and should be deducted from the traveling salesman's gross commissions in computing his wages subject to the taxes imposed by the Federal Insurance Contributions Act, the Federal Unemployment Tax Act, and for purposes of the Collection of Income Tax at Source on Wages."

4. Employment Tax Regulations, 26 C.F.R. § 31.3401(a)–1(b)(2), provides:
*"Traveling and other expenses.* Amounts paid specifically—either as advances or reimbursements—for traveling or other bona fide ordinary and necessary expenses incurred or reasonably expected to be incurred in the business of the employer are not wages and are not subject to withholding. Traveling and other reimbursed expenses must be identified either by making a separate payment or by specifically indicating the separate amounts where both wages and expense allowances are combined in a single payment."

wages for employees paid on a commission basis was considered, and that court concluded:

> "It certainly appears to this Court that the term 'wages' would not include validly incurred expenses which the Agency requires be submitted in duly certified form. We feel to hold otherwise would entail undue hardship to certain businesses which operate on a commission basis, out of which commission the employee pays his own business expenses."

*Id.* at 458. *See Panther Creek Mines, Inc. v. Murphy,* 390 Ill. 23, 60 N.E.2d 217 (1945); *Shelley v. Nat'l Carbon Co.,* 285 Ky. 502, 148 S.W.2d 686 (1941).

This court therefore concludes that the amount of the traveling expenses incurred by Kasum's collectors represents an amount paid as a reimbursement for business expenses for which a deduction from the gross commission is permitted in calculating wages for the purposes of the Employment Security Law.

Order reversed. Costs to the appellant.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.